**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Plaintiff-Appellant,

v.                                                                    No. 99-2413

BROWNING-FERRIS, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-98-3246-MJG)

Argued: May 4, 2000

Decided: July 28, 2000

Before MURNAGHAN and TRAXLER, Circuit Judges, and
Jerome B. FRIEDMAN, United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Foster Suhre, EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Washington, D.C., for Appellant. Christo-
pher George Bell, JACKSON, LEWIS, SCHNITZLER &
KRUPMAN, Minneapolis, Minnesota, for Appellee. **ON BRIEF:** C.
Gregory Stewart, General Counsel, Philip B. Sklover, Associate Gen-

eral Counsel, Vincent J. Blackwood, Assistant General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Appellant. Molly P. Wright, JACKSON, LEWIS, SCHNITZLER & KRUPMAN, Minneapolis, Minnesota, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Equal Employment Opportunity Commission ("EEOC") appeals the dismissal of an action it filed on behalf of Deborah J. Brown ("Brown") against Browning-Ferris, Inc. ("BFI") under the Americans with Disabilities Act of 1990 ("ADA"). See 42 U.S.C.A. §§ 12101 - 12213 (West 1995 & Supp. 2000). We vacate the district court's order dismissing the EEOC's complaint for failure to state a cause of action, see Fed. R. Civ. P. 12(b)(6), and remand for further proceedings.

I.

Brown worked as a waste removal truck driver for BFI, a company that provides garbage-removal and recycling services for various municipalities in Maryland. She suffers from Crohn's Disease, a type of inflammatory bowel disease, and perirectal disease, which is often associated with Crohn's disease. Brown began working as a parts runner for BFI in 1988 but subsequently became a truck driver for BFI. She was working in this latter capacity in January 1995, when BFI effectively discharged her.

The EEOC filed this action on Brown's behalf, alleging that BFI followed unlawful employment practices that "include[d] placing Deborah J. Brown on unpaid leave and shortly thereafter terminating

2

her based upon [BFI's] perception that she was disabled, and ignoring all evidence that . . . she was fully able to perform her job, even with Crohn's Disease." J.A. 6. The complaint specifically alleged that BFI terminated Brown "based on its perception that her Crohn's Disease prevented her from working around waste." J.A. 4.

Prior to filing an answer BFI moved to dismiss pursuant to Rule 12(b)(6). Both parties submitted materials outside of the pleadings, but the district court declined to consider them. Focusing strictly on the EEOC's complaint, the district court granted the motion to dismiss. Relying on the interpretive regulations issued by the EEOC, the district court indicated that a fatal flaw in the EEOC's complaint was its failure to allege that BFI perceived Brown as having an impairment that "`significantly restricted [her] ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'" J.A. 32 (quoting 29 C.F.R. § 1630.2(j)(3)(i)). Rather, the district court saw the complaint as alleging "[a]t most . . . that [BFI] regarded Brown as unable to perform only a particular job (waste removal truck driver) or a very narrow class of jobs (one that involves working around waste)." J.A. 33. The district court concluded that such an allegation -- that BFI regarded Brown as being unable to work around waste -- was insufficient to support a claim for relief under the ADA. See 29 C.F.R. § 1630.2(j)(3)(I) ("The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working."). Consequently, the district court dismissed the complaint.

II.

Our review of the district court's dismissal of the EEOC's complaint under Rule 12(b)(6) is de novo. See Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). We accept the facts as alleged in the complaint as true, view them in the light most favorable to the EEOC, and recognize that dismissal is improper "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Id. at 1134 & n.4 (internal quotation marks omitted).

In order to establish a claim under the ADA, a plaintiff must show "(1) that [s]he has a disability; (2) that[s]he is otherwise qualified for

3

the employment or benefit in question; and (3) that[s]he was excluded from the employment or benefit due to discrimination solely on the basis of the disability." Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995); see 42 U.S.C.A. § 12112(a) (prohibiting discrimination "against a qualified individual with a disability" with respect to the "terms, conditions, and privileges of employment"). Our sole concern in this appeal is whether the EEOC's allegations that Brown suffers a disability are sufficient to survive a motion to dismiss pursuant to Rule 12(b)(6).

"Disability" as defined in the ADA means "a physical or mental impairment that substantially limits one or more of the major life activities of such individual . . . or being regarded as having such an impairment." 42 U.S.C.A. § 12102(2) (emphasis added). The EEOC contends that BFI regarded Brown as disabled as defined by the ADA. "In order to be eligible for coverage under the ADA, an individual must be perceived as having an impairment that substantially limits one or more `major life activities.'" Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 302 (4th Cir. 1998).

The phrase "major life activities" is interpreted by the regulations to mean "functions such as caring for oneself, . . . seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). An impairment does not substantially limit the major life activity of "working" unless it "significantly restrict[s] . . . the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). Moreover, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Id. A "class of jobs" includes "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities." 29 C.F.R. § 1630.2(j)(3)(ii)(B). A "broad range of jobs," by contrast, includes "[t]he job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities." 29 C.F.R. § 1630.2(j)(3)(ii)(C).

In the instant case, the complaint includes an allegation that can reasonably be read to allege that BFI perceived Brown as having a

4

disability that affects a major life activity: "Defendant placed Ms. Brown on leave without pay and soon thereafter discharged her, based on its perception that her Crohn's Disease prevented her from working around waste." J.A. 4. The district court concluded that the complaint failed to state a cause of action under the ADA because the district court interpreted the complaint to allege that BFI perceived Brown as unable to perform a single, particular job or, at most, a narrow class of jobs rather than a broad range or class of jobs. The EEOC contends that this conclusion was erroneous in two ways. First, the EEOC maintains that the district court read the complaint too narrowly and that the complaint merely alleges that Brown was perceived as having a disability, which is sufficient to satisfy the liberal notice pleading requirements. Second, the EEOC asserts that even if the complaint is read narrowly, "BFI's view that Brown's impairment precluded her from `working around waste' would disqualify her from either a class of jobs or a broad range of jobs." Brief of Appellant at 10.

With regard to the EEOC's first contention, we agree that the district court's reading of the complaint was unduly narrow. The district court was certainly correct in noting that "[a]lthough notice pleading does not require a plaintiff to plead particulars,`if a plaintiff chooses to [do so], and they show that he has no claim, then he is out of luck.'" Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) (quoting Jefferson v. Ambroz, 90 F.3d 1291, 1296 (7th Cir. 1996)) (alteration in original). Here, however, we think the complaint is worded broadly enough to permit the EEOC an opportunity to go beyond the pleadings and offer proof, if it can, that BFI regarded Brown as substantially limited in major life activities other than that of "working." Reading the complaint generously, we think the allegation that BFI "plac[ed] Deborah J. Brown on unpaid leave and shortly thereafter terminat[ed] her based upon[BFI's] perception that she was disabled," J.A. 6 (emphasis added), was sufficient to meet notice pleading requirements. Thus, we find that a remand is appropriate to allow the action to proceed.

Moreover, even if we were to read the complaint narrowly -- that the EEOC was limited only to establishing an ADA claim based on the theory that BFI regarded Brown as unable to work only to the extent the work required her to come near or into contact with waste

5

-- we would conclude that dismissal was inappropriate at this stage. The Supreme Court noted recently that there are two ways in which an individual such as Brown can be "regarded as" having a disability within the meaning of the ADA: "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." Sutton v. United Air Lines, Inc., 119 S. Ct. 2139, 2149-50 (1999). In this case, the EEOC's allegations are of the latter variety -- that BFI mistakenly believes that Brown's Crohn's disease substantially limits a major life activity even though it does not. Sutton provides guidance for cases involving the "major life activity" of "working." ADA plaintiffs in such cases must allege that they are perceived by an employer to be unable to work more than a single type of job:

> To be substantially limited in the major life activity of working . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

Id. at 2151.

Although the issue is a close one, we conclude that this action should not have been disposed of as a matter of law under Rule 12(b)(6), even if the complaint is viewed narrowly. As the EEOC points out, "working around waste" could conceivably cover a broad range of jobs, including a host of positions wholly separate from the waste removal industry. It is simply not clear from the face of the complaint what precisely the EEOC means in alleging BFI regards Brown as unable to "work around waste." At this stage of the case, we are not prepared to say that it is not possible for the EEOC to present evidence that will refine its allegations and establish that BFI regarded Brown as substantially limited in her ability to work. In other words, we are not persuaded "to a certainty that the [EEOC] would be entitled to no relief under any state of facts which could be

6

proved in support of [its] claim." <u>Matkari</u>, 7 F.3d at 1134 & n.4 (internal quotation marks omitted). Accordingly, we conclude that the dismissal of the EEOC's complaint under the circumstances was premature. We therefore vacate the order of the district court and remand this action for further proceedings consistent with the foregoing opinion.

<u>VACATED AND REMANDED</u>

7